In the Matter of GEORGE HIRSCH, an Attorney, Respondent.

First Department, July 11, 1918.

**Attorney at law censured for lack of supervision over operations of collection clerk.**

Attorney at law censured for lack of supervision and care over the operations of his clerk in charge of the collection branch of his business resulting in the clerk's misappropriation of the funds of clients which, however, were repaid by said attorney within a reasonable time. There was no evidence of improper motive on the part of the attorney.

APPLICATION to discipline the respondent for professional misconduct.

*Harry Crone* of counsel [*Einar Chrystie*, attorney], for the Association of the Bar of the City of New York, petitioner.

*Edward J. Dowling*, for the respondent.

DOWLING, J.:

This is a proceeding instituted against the respondent, charging him with unprofessional conduct in his office as an attorney. There are two specifications set forth in the petition herein. The first is, that on or about the 2d day of September, 1915, the respondent collected on behalf of his client, the Wiz Dress Company, a claim amounting to thirty-seven dollars and ninety-two cents, which he converted to his own use and only repaid to his client in June, 1916. The testimony discloses that, though this check passed into the respondent's bank account, the indorsement thereupon was not in his handwriting but was in that of one Julius Halpern, who had been in his employ and who was intrusted by him with the management of the collection branch of his business. The uncontradicted testimony is to the effect that said Halpern, after misappropriating and embezzling moneys belonging to the clients of the respondent, cashing checks after indorsing respondent's name thereon, and indorsing and cashing checks signed by the respondent and intended to be remitted to his clients in payment of collections made by him, had disappeared and taken with him or destroyed all the records relating to

First Department, July, 1918.    [Vol. 184.

the transactions in question under the charges herein, as well as other checks and vouchers, so that respondent was unable for some time to determine the exact condition of his accounts or to determine the amount which he owed to his clients. The referee has reported that, in his opinion, by reason of conditions which existed in the respondent's business in consequence of Halpern's dishonesty and disappearance, the respondent should not be found guilty under this specification, though he was not as prompt and diligent as he should have been. Although the check in question was paid over to the respondent in September, 1915, there is no evidence that he had any knowledge of the collection or payment thereof until March or April, 1916, when the facts concerning Halpern's dishonesty were ascertained, and then respondent made good to his client the amount of the check in question in June, 1916.

The second specification has to do with a claim of the same Wiz Dress Company against the Quality Shops of Bluefields, W. Va., which had been placed for collection with the respondent in the fall of 1915. Some time in October, 1915, a check for $125.07, the amount of the claim, was sent to the respondent, who in the interim had been advised by his client that an error had been made, as the claim had already been paid to the Wiz Dress Company directly by the Quality Shop. The respondent had thereupon sent a bill for his services to the dress company, which was paid. When he received the check, respondent claims that Frendel (representing the Wiz Dress Company) had told him to hold up this check so that he might investigate, as it was peculiar that a bill should be paid twice by a customer. There is testimony by respondent that he called up Frendel about a month later about this matter and was told that Frendel had been sick and busy with other affairs, and a request was made that he hold the matter up until the first of the year, at which time the Wiz Dress Company would make an audit of its books. After the first of the year he claims to have been again called up by the Wiz Dress Company and told to await instructions, and received no further word until the end of March, 1916, when one Katz, representing the American Lawyers Company, called upon him in reference to the matter on behalf of the

Quality Shop, and he then called up the Wiz Dress Company in the presence of Katz, which after some argument consented to permit him to return the check, and he thereupon gave a check for the amount to Katz. Frendel admits that the respondent notified him of the receipt of the check, but denies that he ever told the respondent to hold the check up, and claims that instead thereof he advised him to return it. The owner of the Wiz Dress Company also says he never told the respondent to hold the check and knew of no one in his employ having done so. It appears that the balance in the defendant's bank account between November, 1915, and February, 1916, was not sufficient to pay the amount of this check, so that it appears that the respondent did not at all times have the amount of this check received from the Quality Shop in his bank account. The respondent explains this by his reliance upon Halpern, his employee, and his belief that he had money in the bank at all times to meet all the demands of all his clients, and to his failure to realize the real situation until the discovery of Halpern's dishonesty and his disappearance. The referee has found that Halpern was dishonest and did rob the respondent and manipulated the respondent's bank account as well as appropriated and stole his money and that of his clients; but he has found that the respondent's delay, lack of diligence and neglect in the matter should be characterized as unprofessional and as constituting misconduct as charged.

I am of the opinion that, while the record discloses that the respondent reposed an undue amount of trust and confidence in Halpern and suffered him practically to conduct the collection branch of his business without due supervision or care, the respondent has been punished therefor by the financial loss which he has sustained, and that his acts were done without any improper motive or purpose and that he had no intention or idea at any time of defrauding his client or of acting improperly towards it. There is no claim that he made any misrepresentations or false statements. On the contrary, it is admitted that he notified the client of the receipt of the check under the second specification. As to the first specification, the undisputed testimony is that he never knew the check had been received or deposited in his account until

First Department, July, 1918.          [Vol. 184.

the investigation following Halpern's disappearance. It is unfortunate that the respondent should have so acted as to make possible a question of veracity between himself and his client as to whether he should return the check of the Quality Shop at once or await further instructions from the Wiz Dress Company, his client. I think the respondent should be censured for his carelessness in the conduct of his business which made it possible for Halpern to involve him in these losses of his clients' moneys, all of which, however, the respondent has seemingly restored. Not only is there no evidence of any ulterior purpose upon the part of the respondent, but the repayments were made by him as soon as he claims to have been able to discover even approximately the real condition of his affairs after Halpern's flight, and it cannot be said, under the facts disclosed by this record, that the period of delay was an unreasonable one. The amount of $37.92 involved in the first specification was paid to the client in June, 1916, and the amount of $125.07 involved in the second specification was repaid to the Quality Shop through Katz in March, 1916. At this time no proceedings were pending before the Bar Association nor do any appear to have been threatened. These proceedings were not initiated until April, 1917, more than a year after the amount involved in the second specification had been repaid and ten months after the amount involved in the first specification had been repaid.

Under the conditions disclosed herein, we think that the respondent should be censured for lack of supervision and care over the operations of his clerk in charge of the collection branch of his business. In the absence of any evidence of improper motive, however, and in view of the repayment of the sums to his client within a reasonable time, in view of all the circumstances, and a year before the beginning of these proceedings, we think the censure is sufficient punishment for any carelessness upon the part of the respondent, and it is so ordered.

LAUGHLIN, SMITH, PAGE and MERRELL, JJ., concurred.

Respondent censured. Order to be settled on notice.